FRANCIS N. COGHLAN & another *vs.* RICHARD H. DANA,
trustee, & another.

Suffolk.   March 23, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Devise and Legacy — Trust — Premature Suit — Equity — Decree.*

A testator, by his will, provided as follows: " All my real estate remaining at the
decease of my wife to be held in trust and the same to be equally divided be-
tween my grandchildren; the children of my son N. and M., wife of said N., at
such time as they shall arrive at the age of twenty-one years, meaning and in-
tending to include any and all children that may be born to the said N. and M.
and are living at the death of my wife.  Together with all the income that may
accrue from the same, after the decease of my wife."  Two of the children of
N. and M. who were living at the death of the testator's wife died before reach-
ing the age of twenty-one, leaving their parents as their heirs; and another
child, a minor, survived.  The trustee under the will, after the death of one of
the children, brought a bill in equity, making the parents and the surviving
children parties, for instructions as to whom belonged the share of the real estate
to which the deceased child would have been entitled had he reached twenty-
one.  This bill was dismissed, on the ground that it was prematurely brought.
*Held*, that the decree was a conclusive adjudication against the right of N. and
M. at this time, the surviving child still being a minor, to maintain a bill in
equity against the trustee, seeking to have a share of the trust property paid
over to them.

BILL IN EQUITY, filed December 16, 1898, by Francis N.
Coghlan, otherwise known as Nicholas V. Coghlan, and Mary E.
Coghlan, his wife, against Richard H. Dana, surviving trustee

under the will of Francis Coghlan, and Josephine M. Coghlan, their minor child, to obtain the transfer of two thirds of the trust property to the plaintiffs. Hearing before *Hammond*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*J. P. Crosby*, for the plaintiffs.

*H. R. Bailey & H. V. Cunningham*, for the defendants.

HOLMES, J. This is a bill brought against trustees under a will, seeking to have a share of the trust property paid over to the plaintiffs. The limitation in the will under which the plaintiffs make their claim is as follows: " Third. All my real estate remaining at the decease of my wife to be held in trust and the same to be equally divided between my grandchildren; the children of my son Nicholas V. Coghlan and Mary Ellen Coghlan, wife of said Nicholas, at such time as they shall arrive at the age of twenty-one years, meaning and intending to include any and all children that may be born to the said Nicholas and Mary Ellen and are living at the death of my wife. Together with all the income that may accrue from the same, after the decease of my wife." Two of the children of Nicholas V. Coghlan and Mary Ellen Coghlan, who were living at the death of the testator's wife, have died, leaving their parents, the plaintiffs, as their heirs. Another child is still alive, and a minor. The children who are dead would not be twenty-one if they were alive. The defendants pleaded a previous adjudication of this court.

It appears that the trustees under this will, after the death of one of the children mentioned, brought a bill, making the present plaintiffs and the surviving children parties, in which bill they asked instructions on the question to whom belonged the share of the real estate to which the deceased child would have been entitled had he reached twenty-one. Of course, therefore, the title of the present plaintiffs was in issue. All parties submitted their rights to the court. This bill was dismissed by me on the expressed ground that it was prematurely brought. The meaning of the decree is clear. No parol evidence was offered or could have been offered to give it a different significance from that which it bears on its face. It imports that, whoever may be entitled to the corpus of the fund, the trust continues as to the whole of it until some child reaches twenty-one, or until

all the children are dead. We express no opinion whether this decree was right or wrong, but it is a conclusive adjudication against the right to maintain the bill at this time.

*Bill dismissed.*